KNOLL, Judge.
This appeal concerns a claim for exces-siveness of sentence after defendant was resentenced by order of a remand for re-sentencing from the United States Fifth Circuit Court of Appeal for a 1977 conviction. The defendant, Gilbert D. Guzman, was indicted for possession of heroin with intent to distribute, a violation of LSA-R.S. 40:966(A)(1). After trial by jury in 1977, defendant was convicted and sentenced to serve life imprisonment at hard labor. Defendant appealed his conviction to the Louisiana Supreme Court which affirmed his conviction. State v. Guzman, 362 So.2d 744 (La.1978). While serving his sentence, defendant discovered that he received a life sentence because the sentencing court inadvertently thought a life sentence was mandatory. In fact, there was another sentencing option the court failed to consider, namely, suspend the sentence and place defendant on probation.
On March 16, 1983, defendant filed an application for post-conviction relief claiming that he was denied due process of law in that the trial court failed to consider all available sentencing options. The trial court denied the application stating that although the sentencing option was available, it would still impose a life sentence. Defendant filed a writ of habeas corpus in Federal District Court which was also denied. On September 23, 1985, the Court of Appeals for the United States Fifth Circuit reversed the decision of the Federal District Court, vacated defendant’s sentence and remanded defendant’s case to the State District Court for resentencing before a different judge.
On February 24, 1986, a resentencing hearing was held. The sentencing court *1101 took the matter under advisement and on March 5, 1987, resentenced defendant to life imprisonment.
At the time of the sentencing hearing, defendant had served in excess of ten years. He claims that he is now reformed, has been a model prisoner and introduced evidence to substantiate his good behavior. In essence, defendant claims that his good behavior in prison is a mitigating circumstance the sentencing court failed to consider in denying him a probated sentence and, therefore, the trial court failed to follow the sentencing guidelines.
LSA-C.Cr.P. Art. 894.1 provides the sentencing court with general guidelines that should be met for the imposition of imprisonment, and guidelines, while not controlling the discretion of the court, that shall be accorded weight in its determination of suspension of sentence or probation. These guidelines are commonly referred to as aggravating and mitigating factors and provide as follows:
“A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant’s criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant’s criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.”
The record shows that at the resen-tencing hearing, the State opposed the introduction of any evidence which did not exist at the time of the original conviction. The court permitted the evidence to be introduced which showed that the defendant has been a model prisoner while incarcerated and has exhibited qualities of leadership and trust. No evidence was introduced that existed at the time of conviction. Defendant’s sister of Beaumont, Texas testified that she loved her brother, that he could live at home with their parents in Texas and help take care of their father who has Alzheimer’s disease, and that her mother mentioned that their brother-in-law was looking for some possibilities of employment for defendant. Reverend William J. Hewson, a Catholic chaplain at Angola, and Reverend Joseph Eddy Wilson, the *1102 chaplain supervisor for all chaplain activities át the Louisiana State Penitentiary, testified that in their opinion defendant had reformed since he has been incarcerated. Several letters by reputable people on behalf of the defendant were introduced. In addition, defendant introduced a Department of Correction’s document that showed there were thirty-two defendants from Orleans Parish and one defendant from Jefferson Parish, either released or placed on probation for heroin offenses upon resen-tencing. The record does not show why these defendants were resentenced or why the defendants were given either a probated sentence or released; they were resen-tenced over a period of time from 1979 through 1986.
The sentencing court initially considered probation. After the resentencing hearing, the court took the matter under advisement. The record convinces us that the sentencing court wrestled with the issue of probation under these unusual facts, when the offense is heinous and ten years later, a resentencing is ordered, and the defendant shows that he has been a model prisoner. In sentencing the defendant to life imprisonment, the court stated:
“I believe the pastor and the priest that say you are doing well down there but that’s the purpose of prison. If we don’t rehabilitate then what need is there for prison? You’re one of the ones that is evidently being affected by prison. Rehabilitation is occurring but it’s not for the court to substitute itself for the Board of Pardons or for the Governor. You’re entitled to make your application for a pardon, for clemency or commutation of sentence and subsequent pardon and/or parole. It can be done but it’s not for the court to step into the Executive Branch, it’s for the court to remain in the Judicial Branch.”
Defendant argues that the sentencing court failed to follow the sentencing guidelines. We disagree. The record shows the sentencing court conscientiously considered all factors before it imposed sentence. The court prefaced its ruling with the following comments:
“Let me say this at the beginning, number one, I was most impressed by the testimony that was afforded me by the employees of the Louisiana Department of Corrections, the pastor and priest in this matter. Contrary to what some might believe, I entered the case after that with the full thought in mind of looking at probation. I wanted to consider everything there was to consider as to why I should probate in this matter. Now, like I say, that was how I entered the case, not with the thought in mind of resentencing to life but with the thought in mind of reviewing everything that I had, the record, the testimony of the witnesses, the Solem case and everything else at hand and that was how my review of the matter started, went along, and ended with that in mind.”
A review of the resentencing hearing and the subsequent sentencing of defendant show the sentencing court’s careful deliberation of defendant’s sentence.
The defendant was convicted of a heinous drug offense, possession of heroin with intent to distribute. There were no mitigating factors presented at the sentencing hearing that related specifically to defendant’s culpability for this offense. In imposing the life sentence, the court focused on the gravity of the offense. Under these circumstances we do not find the sentencing court abused its sentencing discretion.
Defendant relies upon Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986), for the argument that it was improper for the sentencing court to focus on the heinous nature of the offense, and argues that to do so violates the due process clauses of the State and Federal Constitutions. Reliance upon Skipper v. South Carolina for this contention is misplaced. Skipper, a capital punishment case, involved the issue of exclusion of testimony at the sentencing hearing of testimony of jailers and a regular visitor concerning defendant’s good behavior during the seven months he spent in jail awaiting trial; this evidence was held to be mitigating evidence the jury could consider in de *1103 termining life or death. In the present case, the sentencing court seriously considered the possibility of probation because of defendant’s good behavior, but determined that the offense merited a life imprisonment and it was the function of the Pardon Board to recommend a commutation of sentence based on defendant’s good behavior. We, likewise, have carefully considered defendant’s argument and agree with the sentencing court. Since there was no mitigating evidence presented that related specifically to defendant’s culpability for this heinous offense but only evidence of his good behavior since conviction and incarceration, we find it was not improper for the sentencing court to focus on the gravity of the offense and leave the issue of his good behavior to the Department of Corrections. We fail to see how defendant’s due process is violated and the defendant has not cited any proper authority for this contention. Skipper and the cases cited therein concern the issue of good behavior in jail as mitigating evidence in a jury’s determination of life or death.
Defendant further argues that since thirty-three defendants were either released or placed on probation at resentenc-ing, defendant’s sentence is disproportionate, and relies upon Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In Solem, under South Dakota’s recidivist statute the defendant was given a life sentence for uttering á “no account” check for $100. The United States Supreme Court held the sentence significantly disproportionate to the crime and therefore prohibited by the Eighth Amendment. The court discusses criteria to consider in determining whether a sentence is in proportion to other sentences for the same offense, which include sentences imposed on other criminals in the same jurisdiction and sentences imposed for the same offense in other jurisdictions. Comparisons can be made in light of the harm caused or threatened to the victim or to society, and the culpability of the offender. We do not reject the holdings of the Solem case. However, we find that Solem does not support the contention that since thirty-three other defendants with heroin convictions in another jurisdiction were either placed on probation or released at resen-tencing show that defendant’s sentence is disproportionate and therefore prohibited by the Eighth Amendment. The record does not show the evidence these defendants presented at resentencing in reducing their sentences. Since the defendant’s conviction, the Louisiana Legislature has increased the penalty to mandatory life, there is no other sentencing option. The defendant’s argument for disproportionality is premised on defendant’s good behavior while incarcerated and that thirty-three other defendants received a reduced sentence with similar convictions at resentenc-ing. In applying defendant’s argument to the principle that a punishment should be proportionate to the crime committed, in light of the harm caused or threatened to the victim or to society, and the culpability of the offender, we do not find the sentencing choice disproportionate.
Finally, defendant contends his punishment is excessive since the life sentence is without a fixed number of years which denies him eligibility for parole. We do not find the sentence significantly disproportionate to the crime for which he was convicted, therefore, the sentence is not constitutionally excessive.
Incidental to the resentencing, defendant filed a second post-conviction relief application complaining of improper jury instructions and that his due process rights were violated by the prosecutor failing to furnish the defense with Brady material. In appealing the resentencing issue, the defendant attaches the post-conviction claims as assignments of error under this appeal which is clear error. Defendant’s appeal of his resentencing does not permit him to appeal other issues that relate to the merits of his conviction. Defendant’s appeal rights have long expired and his only remedy is by post-conviction writ application. Appeal does not lie from a judgment dismissing a post-conviction writ application. LSA-C.Cr.P. Art. 930.6. Therefore, we will not consider the remainder of defendant’s complaints.
*1104 DECREE
For the foregoing reasons, the sentence of the defendant, Gilbert D. Guzman is affirmed.
AFFIRMED.