715 So.2d 641 (1998)
STATE of Louisiana, Appellee,
v.
Rico Lamon DUNN, a/k/a "Lil Rico Dunn", Appellant.
No. 30767-KA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1998.
*642 Louisiana Appellate Project by Amy C. Ellender, Mer Rouge, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Hugo A. Holland, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before MARVIN, C.J., and CARAWAY and PEATROSS, JJ.
PEATROSS, Judge.
Rico Lamon Dunn ("Defendant") was charged with the March 30, 1996 second degree murder of Gary Nunsant ("Nunsant"), a violation of LSA-R.S. 14:30.1. As part of a plea bargain, the State agreed not to file a multiple offender bill and to accept Defendant's *643 guilty plea to a responsive charge of manslaughter, a violation of LSA-R.S. 14:31. The trial judge imposed a sentence of 20 years at hard labor and denied Defendant's motion to reconsider sentence. Defendant appeals, claiming that his sentence is constitutionally excessive. For the following reasons, we affirm.

FACTS
On the day of the murder, Defendant, who was then 22 years old, was approached by Barklaski Clark ("Clark") and two other juveniles who informed Defendant that Nunsant had $9 and wanted to purchase a rock of crack cocaine. Defendant suggested that they rob the victim of his money. The group decided to lure Nunsant behind an apartment building under the guise of selling him the cocaine, and then rob him of his money using a gun possessed by Clark. Defendant requested Clark to give him the gun so that he could commit the robbery, but Clark refused.
Defendant and the three juveniles called Nunsant from across the street and led him behind the building. After Nunsant flashed his money, Clark bent over as if to retrieve the cocaine from his sock, but came up with his gun pointed at Nunsant. Clark told Nunsant to surrender the money, but Nunsant refused. Nunsant knocked Clark's gun down and began running. Clark raised the gun, aimed at and shot Nunsant, who subsequently died from a gunshot wound to the back.

DISCUSSION
In his first assignment of error, Defendant contends that his sentence is constitutionally excessive. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983). Defendant concedes that the trial court sufficiently articulated a factual basis for the sentence imposed as required by La.C.Cr.P. art. 894.1, but, nevertheless, argues that his 20-year sentence is constitutionally excessive.
Defendant argues that the trial court failed to consider alleged facts which favor mitigation, i.e., although Defendant helped plan the robbery, he did not handle the weapon or shoot the victim; Defendant never intended for the shooting to take place and had no control over the weapon; Defendant ultimately confessed and has taken full responsibility for his actions; and Defendant's criminal record (convictions for carnal knowledge of a juvenile and possession of marijuana) involved only non-violent misdemeanors. The record, however, clearly shows that the trial court was aware of and did consider those matters.
Although Defendant argues that the trial court committed error by not giving more weight to those particular items, there is no requirement that specific matters be given any particular weight. State v. Callahan, 29,351 (La.App.2d Cir. 2/26/97), 690 So.2d 864; State v. Berry, 29,945 (La.App.2d Cir. 10/29/97), 702 So.2d 33.
Defendant also presents in his brief a list of other cases in which the actual shooter received a sentence of less than 20 years following a guilty plea or trial by jury.[1] Defendant claims that his sentence is constitutionally excessive since it exceeds sentences imposed in other cases where the defendants, arguably, were more directly culpable than this defendant. This comparison/proportionality argument is faulty for a number of reasons.
First, there is no proportionality guarantee in non-capital cases unless the reviewing court finds the sentence is grossly disproportionate to the circumstances of the offense. See Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 2687, 115 L.Ed.2d 836 (1991), in which the Court ruled "the Eighth Amendment contains no proportionality guarantee." Accord, State v. Callahan, supra.
*644 Second, the Louisiana jurisprudence follows the requirement of comparing the same offenses, not merely the same charges. State v. Foley, 456 So.2d 979 (La.1984); State v. Guzman, 520 So.2d 1099 (La.App. 3d Cir. 1987); State v. McDaniel, 515 So.2d 572 (La. App. 1st Cir.1987). The cases cited by Defendant have a commonality that each killing occurred after an argument between the defendant and the victim. None of the cases involve, as does the present case, a plan to commit an armed robbery in which the use of deadly force was a distinct possibility.
Finally, the fact that a sentence is greater than one imposed upon another defendant for the same crime (i.e. the juvenile shooter in this case) does not render the greater sentence cruel and unusual. "There is nothing in the law which requires that a sentencing judge treat co-defendants equally." State v. Cook, 465 So.2d 825 (La.App. 2d Cir.1985). Here, the defendants could not be treated equally since the shooter is a juvenile.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Davis, 28,662 (La.App.2d Cir. 9/25/96), 680 So.2d 1296; State v. Bradford, 29,519 (La.App.2d Cir. 4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La. App.2d Cir. 4/2/97), 691 So.2d 345; State v. Henton, 28,576 (La.App.2d Cir. 9/25/96), 682 So.2d 777.
A substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the more serious offense originally charged, is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983); State v. Bradford, 29,519 (La.App.2d Cir. 4/2/97), 691 So.2d 864.
The record shows Defendant was the person who first conceived the idea of robbing the victim of his money. Defendant knew Clark was armed. Defendant's actions and verbal encouragement of Clark led to the chain of events which resulted in the death of Nunsant. Defendant received a substantial benefit from the reduction of the charge and from the state's agreement not to charge him as a habitual offender.[2] This was not a case where the victim had engaged in a fight with the defendant, nor was it a case where there could even be a hint of a claim of self-defense. Defendant is of mature age, has no dependents and presents no special circumstances which would mandate a lesser sentence. Under the circumstances, the sentence imposed is not grossly disproportionate to the seriousness of the offense.
Defendant's final assignment of error is a request for this court to review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. State v. Stamper, 615 So.2d 1359 (La.App. 2d Cir.1993), modified on other grounds, 624 So.2d 1208 (La. 1993); State v. Bryant, 29,344 (La.App.2d Cir. 5/7/97), 694 So.2d 556.
Defendant specifically argues that the trial court failed to inform him of the prescriptive period for post-conviction relief, as required by La.C.Cr.P. art. 930.8. The record, however, reflects that the trial judge did inform him of this prescriptive period at the hearing *645 on Defendant's motion to reconsider sentence.
We have examined the record for other error patent and have found none.

CONCLUSION
For the foregoing reasons, Defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] In considering the cases cited by the defense, it should be noted that the manslaughter statute was amended in 1994 to increase the maximum penalty from 21 years to 40 years.
[2] Violation of LSA-R.S. 14.30.1, for which Defendant was originally charged, carries a mandatory punishment of imprisonment at hard labor for life without benefit of parole, probation or suspension of sentence. Violation of LSA-R.S. 14:31, to which Defendant pled guilty, is punishable by imprisonment at hard labor for not more than 40 years.