1,WILLIAMS, J.
The defendant, Abie Meshell, was charged by a grand jury indictment with second degree murder, a violation of LSA R.S. 14:30.1. After a petit jury was unable *547 to reach a verdict, the state entered into a plea bargain with the defendant to reduce the charge to manslaughter, a violation of LSA-R.S. 14:31(A)1. After defendant’s guilty plea, the trial court sentenced the defendant to serve thirty years at hard labor. The defendant’s timely motion for reconsideration of sentence was denied. The defendant appeals challenging his thirty-year sentence as excessive.
The facts of record before this court show that on January 9, 1997, the defendant, in the company of two friends, went to a convenience store in Shreveport where defendant became engaged in a confrontation with a member of a different race, who also was accompanied by two acquaintances.. Defendant went into the store and told the store clerk that he would shoot somebody. Defendant then left the store. He returned to the parking lot, entered his car and left the area. However, he returned a few minutes later. Heated words and racial epithets were exchanged between defendant and the man from the first encounter. Defendant opened his car’s door and fired at least seven shots at the car occupied by the other group of men. One of the bullets struck the victim, Kevin Patton, who was a passenger in the rear seat. At the trial, the jury was unable to agree on defendant’s claim that he had acted in self-defense. None of the witnesses testified that the victim pulled a weapon.
On appeal, defendant contends his sentence shocks the sense of justice, because he was “a scared man who thought he was about to become a victim.” He urges he was simply in the -wrong place at the wrong time and was not the type of person who would look for someone to shoot. Defendant also argues that because this crime of violence will not allow him parole eligibility after serving one-third of the sentence, he has received a sentence tantamount to one of 76 years for a 12non-violent crime since he must serve 25 years imprisonment before becoming eligible for parole. We note at the outset that the trial court sentences in terms of determinate years. It is for the legislature and duly appointed parole boards to determine how those years will be served.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Defendant does not challenge the adequacy of the trial court’s articulation of reasons for sentence which we find adequately complied with the requirements of article 894.1.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing moré than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
laPrior to imposing sentence, the district court reviewed a PSI report. The court noted that this was a tragic situation. *548 Although the trial had resulted in a hung jury and the defendant presented a defense of justifiable homicide, the facts of the case as adduced at trial showed defendant “sprayed the neighborhood [with bullets] where people were living” without cause. The court found there was a need for custodial environment, and that a lesser sentence would deprecate the seriousness of the offense. The court found defendant had knowingly created a risk of great bodily harm to more than one person. He had used a dangerous weapon in the commission of the offense. The incident involved multiple victims for which no separate sentence was imposed. Although defendant had no prior serious legal problems or juvenile record, he had a misdemeanor conviction for possession of marijuana. Thus, he was a first offender who had done a terrible act. The court pointed out that defendant became the aggressor by returning to the store, had he not done so the victim would still be alive. The court also found that there was no justification for the shooting, but this was a manslaughter committed in heat of blood or passion which caused the death of an innocent person.
On this record, we do not find constitutional error. Defendant, age twenty-three at the time of the offense, received a substantial benefit from his plea bargain which reduced his sentencing exposure from life in prison to forty years with the benefit of parole consideration after serving eighty-five percent of his sentence as required by LSA-R.S. 15:574.4. The sentence imposed is lawful. It is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. The trial court did not abuse its broad discretion in 'sentencing this defendant. There is no showing of a manifest abuse of the district court’s broad discretion. Therefore, the sentence is not constitutionally excessive.
We have examined the record for error patent and found none.
The conviction and sentence are affirmed.
AFFIRMED.