JjDREW, J.
The state charged defendant by bill of indictment with first degree murder in the July 1999 armed robbery and death of James Fuller but agreed to reduce the charge to manslaughter if defendant would plead guilty to the amended charge. Defendant was sentenced to 40 years at hard labor. Although appellate defense counsel avers that defendant agreed to provide testimony against his co-defendant, no terms of the plea bargain, other than the reduction of the charge, appear of record. Nor is there any showing that defendant did so testify. Following the denial of defendant’s timely motions for reconsideration of sentence, he argues that his maximum 40-year sentence is excessive. We affirm.
On July 13, 1999, defendant, age 19, and a companion confronted the victim, James Fuller alias “Pony Boy,” in Doyline. One of the offenders shot the victim in the shoulder and the head and robbed him of approximately $1500. Defendant, who was captured in possession of some of the stolen funds, claimed his companion did the actual shooting as part of a drug deal which had gone bad.
On appeal, and in his motions for reconsideration of sentence, defendant urged that his sentence was excessive and that the court did not adequately consider his young age and his minor criminal history.[1]
*912 | ¡¿Prior to imposing sentence, the district court reviewed a PSI report. The court noted that defendant had pled guilty to a reduced charge. He was 19 at the time of the offense. The court considered the facts of the case and concluded that the evidence of record would have supported a conviction for first degree murder. Although defendant had no juvenile record, he had been convicted, as an adult in 1998, for middle grade felony theft. He was on probation from that conviction at the time of the instant offense. The court reviewed defendant’s family history and noted that he had completed the ninth grade. The court found there was an undue risk that defendant would commit another offense if granted probation, that defendant was in need of correctional treatment, and that a lesser sentence would deprecate the seriousness of the offense. Finally, the court observed that there was no excuse or justification for defendant’s criminal conduct.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.3/1/00), 754 So.2d 392; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The record adequately indicates that the trial court, prior to imposing sentence, was aware of the matters in mitigation urged by the defense.
On this record, we do not find constitutional error. Defendant, age 19 at the time of the offense and a second felony offender, received a | Ssubstantial benefit from his plea bargain which reduced his sentencing exposure from life in prison without benefits to 40 years with the benefit of parole consideration after serving 85% of his sentence as required by La. R.S. 15:574.4. The offense of conviction does not adequately describe defendant’s criminal behavior, for which there was no justification or excuse. The sentence imposed is lawful. It is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. There is no showing of a manifest abuse of the district court’s broad sentencing discretion. Therefore, the sentence is not constitutionally excessive.
We have examined the record for error patent and found none.

DECREE

The conviction and sentence are AFFIRMED.

. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Defendant does not challenge the adequacy of the trial court's articulation of reasons for sentence which we find adequately complied with the requirements of article 894.1.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, Sec. 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purpose *912 less and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.