hPEATROSS, J.
Defendant, Floyd Lafoe Moton, was convicted pursuant to a plea of guilty on one count of possession of marijuana with intent to distribute. Defendant appeals as excessive his sentence of 20 years at hard labor, the first five of which the trial court stated would be served without benefit of parole, probation or suspension of sentence.[1] For the reasons stated herein, we affirm.

FACTS

The matters of record show that, on May 23, 2000, police officers stopped a vehicle, in which Defendant was a passenger, for a traffic violation. Defendant and the driver, Defendant’s girlfriend, gave false names to the officers and stated that they did not have their drivers licenses with them. Defendant’s girlfriend subsequently admitted to not having a drivers license, stating that she was driving the car because “her husband” had become too *1271 sleepy to drive. Using the vehicle identification number, officers were advised of Defendant’s true identity and to use caution as there was an active warrant for his arrest in Cleveland, Ohio. While awaiting confirmation of the Ohio warrant, both Defendant and his girlfriend consented to a search of the vehicle. Officers then received confirmation of the Ohio warrant and Defendant was arrested and placed in the patrol car. The search of the vehicle immediately revealed marijuana seeds, which were in plain view. A further search of the vehicle revealed | p.10.83 pounds of marijuana, which were hidden in speakers in the trunk of the car. On this discovery, Defendant’s girlfriend was arrested and both were charged with possession of marijuana with intent to distribute. The charge against Defendant’s girlfriend, however, was dismissed as part of Defendant’s plea bargain; the State also agreed not to seek forfeiture of the vehicle involved.

DISCUSSION

Defendant contends that the sentence of 20 years at hard labor is excessive in light of the fact that the trial court “failed to take into account any information concerning the victim’s family” and the facts that Defendant’s girlfriend was pregnant and the offense did not involve violence. We disagree. We also note that Defendant did not specify what information about the non-existent “victim’s family” should have been considered by the sentencing court.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless _kjinfliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
Past records of drug offenses weigh heavily in the decision to uphold the imposition of even maximum sentences. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385; State v. McNair, 597 So.2d 1096 (La.App.2d Cir.), writ denied, 605 So.2d 1113 (La.1992).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Prior to imposing sentence, the trial court considered a Pre-sentence Investigation (“PSI”) report which detailed the facts of Defendant’s criminal and social histories. The trial court noted that Defendant’s criminal record began with a conviction for possession of cocaine in Cleveland in 1989. Thereafter, he had misdemeanor convictions for trespassing and assault in 1990. He was granted probation, but it was revoked. Defendant received a class four felony conviction in 1996 for failure to comply with a police *1272 officer. He was paroled after serving a portion of his sentence, but the parole was revoked. Defendant was convicted a second time of failure to comply with a police officer in 1998. He again served a portion of his ^sentence and was paroled. While on parole for the 1998 offense, however, Defendant absconded and was wanted on a warrant from Ohio when he was arrested on the current charge. Defendant was a third-felony offender and, if charged as a habitual offender, he could have been sentenced to life in prison. The trial court noted that Defendant had been incarcerated in Ohio almost continuously since 1996 and expressly stated its findings that a lesser sentence would deprecate the seriousness of the offense and that there was no justification or mitigation. In addition, the trial court noted that Defendant, even if eligible for probation, would not be a good candidate due to his continued criminal activities after having been placed on probation and on parole.
On this record, we do not find constitutional error. Defendant, age 28 and a high school graduate at the time of his commission of the offense of conviction, has a prior conviction for possession of cocaine, a record of assaultive behavior and two felony convictions for fleeing from police officers. His social and educational backgrounds are not remarkable in any aspect. Particular to the instant charge, we note that the offense involved a quantity of marijuana which is not insubstantial.
Under the circumstances of this case, which place Defendant in that class of offenders for whom even a maximum sentence could be appropriate, the sentence is neither grossly disproportionate to the severity of the offense committed by this third-felony offender, nor is it shocking to our sense of justice. We find, therefore, that the sentence is not constitutionally excessive and Defendant’s assigned error is without merit.

\ .CONCLUSION

For the reasons stated herein, Defendant’s, Floyd Lafoe Moton, conviction and sentence are affirmed.
AFFIRMED.

. We note that La. R.S. 15:574.4 A(l) requires that, since Defendant has been convicted of three or more felonies, his entire sentence must be served without benefit of parole. Eligibility for parole is determined by the Department of Corrections in accordance with this statute, not by the trial court. As such, the portion of Defendant’s sentence, as imposed by the trial court, which denies Defendant eligibility for parole for the first five years of his sentence only is surplusage under the current provisions of La. R.S. 15:574.4, which operates as a matter of statutory law.