11 STEWART, J.
Defendant, Christopher Wiggins, plead guilty as charged to two counts of forgery, violations of La. R.S. 14:72 punishable by *406 imprisonment, with or without hard labor, for not more than ten years, plus a fíne, or both. The state agreed that in exchange for Wiggins’ pleas of guilty to both counts, the resulting sentences would be served concurrently, and the state would not charge him as a habitual offender. The district court sentenced the defendant to serve ten years at hard labor on each count, with the sentences to run concurrently, and- denied a timely motion for reconsideration of sentence. The defendant appeals his sentence as excessive. For the reasons set forth herein, we affirm.
FACTS
In June 1999, while serving a sentence in a halfway house, Wiggins stole six blank checks from his employer. He forged the employer’s signature on two checks and made them payable to himself. He then deposited one check for $400 into his account at the halfway house and was caught two days later when he attempted to negotiate the second check in the amount of $630 at a business establishment. Wiggins made a full confession and also told investigators he did not care about going to jail because whenever he was released, he would do something else that will put him back in. Wiggins’ pretrial bond was forfeited twice due to his failures to appear. Wiggins pled guilty to two counts of forgery, and was sentenced to ten years at hard labor on each count to run concurrently. This appeal followed.
^DISCUSSION

Excessive Sentence

The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Our review of the record, contrary to defendant’s claim on appeal, discloses an adequate factual basis for the sentence imposed.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
la A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion a reviewing court may not set aside a sentence. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Prior to the imposition of sentence the court reviewed and considered a PSI report. Wiggins had a conviction in 1985 for simple burglary. He was placed on probation but it was revoked after he was convicted of vehicular burglary in 1987. He also was convicted of manslaughter in 1987 and received a ten-year sentence. He was paroled, but it was revoked after a convic *407 tion for simple battery. He was then convicted of simple robbery in 1996, and was on parole from that sentence when he committed the instant offenses. Wiggins agreed that he had never completed a period of probation or parole without committing another crime. The court noted that defendant, age 33, expected to commit another crime upon his release from this sentence. The court considered the benefit Wiggins had obtained from his plea bargain and determined that maximum sentences were justified on each count.
On this record, we do not find sentencing error. Wiggins is a mature adult, with a tenth grade education, a GED and a sporadic work history. He has one child whom he does not support “because he was never ordered to do so.” He was charged with simple battery for criminal conduct committed while incarcerated pri- or to his guilty pleas in this case. He is a fifth felony offender. He received a substantial benefit from his plea bargain, i.e., he faced up to 20 years at hard labor if given consecutive sentences and, had he Lbeen charged as a fifth felony offender, his sentencing exposure would have been not less than 20 years and no more than life imprisonment. La. R.S. 15:529.1 A(l)(c)(i).
The sentences imposed are lawful. Under the circumstances, they are neither grossly disproportionate to the severity of the offense committed nor shocking to the sense of justice. There is no showing that the trial court abused its discretion in imposing these sentences which are not constitutionally excessive.
The convictions and sentences are affirmed.
AFFIRMED.