I,STEWART, J.
Dennis Dale, the defendant herein, pled guilty as charged to one count of posses *1169 sion of more than 400 grams of cocaine, a violation of La. R.S. 40:967(F)(l)(c) punishable by imprisonment for not less than 15 years nor more than 30 years and a fine of not less than $250,000 nor more than $600,000. The court sentenced Dale to serve 20 years at hard labor and to pay the minimum mandatory fine of $250,000. On appeal, Dale argues that the sentence is excessive. However, for the reasons that follow, we affirm.
FACTS
On October 24, 2001, a state trooper stopped a vehicle driven by Dale on 1-20 in Bossier Parish for a traffic violation. A consent search disclosed approximately one kilogram of cocaine and over $4,600 in cash. After being advised of his rights, Dale admitted he had purchased the cocaine in Dallas and intended to take it to his home in Mississippi for resale at a profit. Following his plea of guilty of one count of possession of cocaine, Dale was sentenced to 20 years at hard labor and ordered to pay a $250,000 fine. This appeal ensued.
DISCUSSION

Excessive Sentence

The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
In contraband possession cases, past records of drug offenses should weigh heavily in the decision to uphold the imposition of even maximum sentences. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Prior to imposing sentence, the court reviewed a PSI report and considered the facts of the case. Dale, age 35, was a high school graduate who had obtained an associate degree as • an electrician. He was also a second felony offender with a 1995 conviction for conspiracy to distribute | ¡¡cocaine which had been reduced from possession of cocaine with intent to distribute. The court noted this was a serious offense for which there was no justification or mitigation. The court determined that imposition of the statutorily mandated minimum prison term would not be appropriate due to defendant’s second offender status and concluded that a lesser sentence *1170 would deprecate the seriousness of the instant offense.
On this record, we do not find constitutional error. As a second felony offender with a prior conviction involving intent to distribute a controlled dangerous substance, Dale received substantial lenience from the state’s agreement not to charge him as a habitual offender. Charging Dale as a habitual offender would have raised his exposure to up to 60 years in prison. Under the jurisprudence noted above, Dale’s prior drug conviction would authorize the imposition of the maximum authorized sentence in this case. The sentence imposed is lawful. The term of imprisonment is not the mandatory minimum, but the imposition of a term in excess thereof is warranted by the defendant’s repeated commission of a drug-related offense. The fine is the statutory minimum.
CONCLUSION
Considering the defendant’s record and the totality of facts and circumstances of this case, including the substantial quantity of cocaine involved, the sentence imposed is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion in |4the imposition of this sentence which is not constitutionally excessive. Accordingly, the conviction and sentence are affirmed.
AFFIRMED.