h LOLLEY, J.
This criminal appeal arises from the Twenty Sixth Judicial District Court, Parish of Bossier, State of Louisiana. The defendant, Marvin Smith (“Smith”) was charged with armed robbery in violation of La. R.S. 14:64 and two counts of attempted first degree murder. Pursuant to a plea agreement, the state agreed to dismiss the attempted murder charges in exchange for Smith’s guilty plea to the armed robbery charge. The trial court imposed a sentence of 25 years at hard labor without benefits and denied Smith’s timely motion for reconsideration. Smith appeals his sentence contending it is excessive. For *1187 the following reasons, we affirm the sentence imposed by the trial court.
FACTS
On November 17, 2003, Smith entered a gasoline station near the intersection of I-220 and Benton Road in Bossier City. He confronted the lone, female clerk and ordered her to open the cash register at gun point. Smith then forced the clerk into a rear room where he bound her hands behind her back with a telephone cord and then choked her until she lost consciousness. Just as Smith was preparing to leave, a female police officer entered the store. Smith pointed his handgun at the officer and told her she had made a big mistake. The officer told Smith to drop his weapon, but he continued to point his weapon at the officer. The officer fired at Smith, striking him at least once. A second police officer arrived on the scene. Smith continued to wield his weapon and, when he moved suddenly, both officers shot him. Smith sustained serious injuries, but recovered.
I ¡.DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.06/24/98), 715 So.2d 641. Where, as here, the record clearly shows an adequate factual basis for the sentence imposed, remand for further articulation of reasons for sentence is not necessary. State v. Landos, 419 So.2d 475 (La.1982).
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1 § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158.
| /There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La. App.2d Cir.03/01/00), 754 So.2d 392, 394, writ denied, 2000-1467 (La.02/02/01), 783 So.2d 385. In the instant case, the record clearly shows the trial court was aware of and considered Smith’s lack of criminal history.
Louisiana R.S. 14:64(B) provides in pertinent part:
Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.
Prior to imposing sentence, the court informed Smith that his sentence would be 25 years without benefit. The court considered the facts of the case, and noted *1188 that the plea bargain had secured the dismissal of two charges which carried minimum sentences of 20 years at hard labor without benefits. The court was well aware that Smith, age 24 and a high school drop out, had no prior felony convictions and had been seriously injured in the course of his crime. The court also noted the violent and dangerous nature of the crime of conviction and referenced the available sentencing range for this offense.
We find no constitutional error after reviewing this record. Smith was exposed to a sentencing range of no less than 10 years to no more than 99 years under the terms of his plea bargain. The record shows that Smith committed this armed robbery in an unnecessarily cruel manner. The sentence is lawful, and approximately only one-quarter of what could have been imposed. Under the circumstances of this offense, we do not find that | ¿the sentence is grossly disproportionate to the severity of the offense committed, nor does it shock our sense of justice.
There is no showing of an abuse of the district court’s discretion in the imposition of this sentence or in its denial of the motion for reconsideration of sentence. The assigned errors are without merit. Accordingly, we do not find the sentence complained of is constitutionally excessive.
For the reasons assigned above, Smith’s sentence is affirmed.
AFFIRMED.