| , STEWART, J.
The defendant, James L. McClure, pled guilty to aggravated burglary in exchange for the state’s dismissal of a forcible rape charge and agreement to refrain from filing an habitual offender' bill. • The trial court imposed a sentence of 25 years at hard labor without the benefit of diminution of the sentence for good behavior. In this appeal, the defendant argues that his sentence is excessive. Finding that the sentence is not excessive, we affirm.
*742 FACTS
On July 15, 2002, the defendant entered a residence in Monroe without authorization. A female juvenile, age 13, was alone in the residence and was asleep on a couch. The defendant began touching her to awake her. He asked whether anyone else was in the home. The young victim asked the defendant to leave and said that she would call the police. The defendant then struck the girl on her face. Her swollen and bruised face was observed by investigators. The girl told police that the defendant forcibly carried her to a bedroom where he held her down, removed her clothes, and raped her. When she tried to escape, the defendant took her into a bathroom and raped her again before leaving the residence.
In the meantime, a neighbor heard a female screaming inside the residence and notified a police officer. Upon the officer’s arrival, he observed the defendant leaving the residence and ordered him to stop. The defendant fled on foot but was captured later that same evening. The record indicates that the defendant smelled of alcohol.
The defendant was charged with aggravated burglary, a violation of La. R.S. 14:60 punishable by imprisonment for no less than one year and | ?not more than 30 years, and forcible rape, a violation of La. R.S. 14:42.1 punishable by imprisonment for no less than 5 years and no more than 40 years. At the start of trial, the defendant agreed to plead guilty to aggravated burglary in exchange for dismissal of the forcible rape charge and no habitual offender filing. After reviewing a pre-sen-tence investigation (PSI) report and listening to the defendant’s statement, the trial court imposed a sentence of 25 years at hard labor with credit for time served but without the benefit of the sentence being subject to reduction for good behavior. A motion to reconsider the sentence was denied, and this appeal followed.
DISCUSSION
In arguing that his sentence is excessive, the defendant asserts that he is not the worst offender in his class and does not deserve such a harsh sentence. He asserts that he got no benefit from his plea bargain considering “serious problems” the state would have had in proving the forcible rape charge. The defendant further asserts that his intoxicated condition at the time of the offense should have been considered a mitigating factor in sentencing.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the court must determine whether the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1-. The trial judge is not required to list every aggravating and mitigating factor so long as the record reflects the judge’s adequate consideration of the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 |3(La.App.2d Cir.6/24/98), 715 So.2d 641. Moreover, there is no requirement that specific mitigating circumstances be given any particular weight by the trial court. State v. Dunn, supra.
Second, the court must examine whether the sentence is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light *743 of the harm done to society, it shocks the sense of justice. State v. Bonanno, supra.
A trial court has broad discretion to sentence within the statutory limits. State v. Dunn, supra. When a defendant has pled guilty to an offense which does not adequately describe his conduct, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0886 (La.9/20/96), 679 So.2d 430. This is particularly true when the defendant has received a significant reduction in potential exposure to confinement through a plea bargain or where the offense involved a crime of violence against a victim. Id. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
14Prior to sentencing, the trial judge considered a PSI report and listened to the defendant’s statement. The defendant told the court that he was intoxicated when he committed the crime. He apologized to the victim’s family in court. He stated that he has a 10-year old daughter whom he has never seen. In addition, he expressed concern that his mother and grandmother, who are ill, might die while he is incarcerated. While the defendant’s circumstances are unfortunate, they do not warrant a reduction in his sentence when considered with the other information in the record as articulated by the trial judge.
In imposing the sentence, the trial judge thoroughly considered the sentencing guidelines in La.C.Cr.P. art. 894.1. The trial judge noted that people have the right to feel safe in their homes and stressed that entering a home and attacking a person therein is a serious crime. The trial judge found no indication that the victim did anything to instigate the offense. Also, the trial judge noted the defendant’s spotty educational history and inconsistent work history. Upon reviewing the defendant’s significant criminal history, which included prior battery, burglary, and theft convictions, the trial judge determined that the defendant had received leniency from the state’s agreement not to file an habitual offender bill, which would have exposed the defendant to possible life imprisonment as a third felony offender. In imposing the sentence of 25 years at hard labor without benefit of diminution for good behavior, the court noted that a lesser sentence would be inconsistent with the seriousness of the crime committed by an adult offender, age 30, with his criminal history. We note | Bthat when accepting the defendant’s guilty plea to aggravated burglary, the trial court specifically found the offense to be a crime of violence.
Considering the defendant’s history of violence and burglary, the seriousness of this crime, and the record before us, we do not find constitutional error in the sentence imposed. The defendant has not shown an abuse of discretion by the trial court. The defendant obtained a substantial decrease in his sentencing exposure under the terms of his plea bargain. Not only was he able to avoid a possible conviction for forcible rape, but he was also able to avoid conviction as an habitual offender. Moreover, the pled offense does not adequately describe his criminal conduct, which involved entering a home without authorization and committing violence upon a young girl inside the home. The sentence is less than the maximum, which could have been imposed, and is lawful. Considering the circumstances of this case, we find the sentence to be neither grossly disproportionate to the severity of the offense of aggravated burglary nor shocking *744 to our sense of justice. The sentence imposed is not constitutionally excessive.
CONCLUSION
Finding no abuse of discretion by the trial court in the imposition of this sentence, we affirm the defendant’s conviction and sentence.
AFFIRMED.