954 So.2d 916 (2007)
STATE of Louisiana, Appellee,
v.
Christopher ELLIS, Appellant.
Nos. 41,884-KA to 41,885-KA.
Court of Appeal of Louisiana, Second Circuit.
April 11, 2007.
Jones and Charles by Charles D. Jones, for Appellant.
William R. Coenen, Jr., District Attorney, Johnny R. Boothe, Penny Wise Douciere, Assistant District Attorneys, for Appellee.
Before STEWART, GASKINS and DREW, JJ.
STEWART, J.
Christopher Ellis was charged with possession of a firearm by a convicted felon and with possession of cocaine within 1,000 feet of a school. In December 2004, he pled guilty to the reduced charges of possession of cocaine with intent to distribute and attempted possession of a firearm by a convicted felon. He was sentenced in March 2005 to 15 years at hard labor without benefits on the cocaine charge. He was sentenced to 5 years at hard labor without benefits on the firearm charge. Pursuant to a motion to reconsider the sentence, the trial court subsequently reduced the sentence on the cocaine charge from 15 years at hard labor without benefits to 10 years at hard labor without benefits. The sentences for the cocaine offense and the firearm offense were ordered to run concurrently. Ellis now appeals, assigning as error the excessiveness of his sentence. Finding no merit in his arguments, we affirm both of Ellis' convictions and sentences.

*918 FACTS
In November 2001, Ellis was charged by a bill of information with possession of cocaine with intent to distribute within 1,000 feet of a school campus, a violation of La. R.S. 40:981.3(A). As part of a plea agreement, this charge was reduced to possession of cocaine with intent to distribute, a violation La. R.S. 40:967. Also in November 2001, Ellis was charged by bill of information with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. Pursuant to a plea agreement, this charge was reduced to attempted possession of a firearm by convicted felon.
At a sentencing hearing conducted in March 2005, the court noted that pursuant to the plea agreement between the state and the defendant, any sentences imposed would run concurrently and that the state would not file a habitual offender bill against the defendant. The court noted that it had reviewed a presentence investigation report on Ellis that contained both positive and negative information on the defendant. After reviewing the facts underlying the offenses to which the defendant pled guilty, the court noted that Ellis had been convicted in 1994 of possession of cocaine with intent to distribute and had been sentenced at that time to five years at hard labor. After serving his sentence and successfully completing his parole, the only other problems noted concerned two charges in Winnsboro City Court for excessive noise. After reviewing the defendant's social history, after allowing the defendant to comment on the information that the court had reviewed from the presentence investigation report, and after listening to argument from the state and from defense counsel, the court gave its reasons for the sentences chosen.
The court found Ellis to be a second felony offender for whom there was an undue risk, during any period of a suspended sentence or probation, of committing another crime. The court found Ellis was in need of correctional treatment in a custodial environment that could be provided most effectively by his commitment to an institution, and that any lesser sentence than the one the court was about to impose would deprecate the seriousness of the defendant's crimes. The court found the aggravating factors to be the defendant's lack of work, his lack of support of his family, his second conviction of possession of cocaine with intent to distribute, and the attempted possession of a firearm after the previous felony conviction. The court also noted reports from law enforcement of frequent selling activities by defendant. On the mitigating side, the court noted that the defendant had a rough childhood, and that there were social factors that weighed in his favor; apparently, the defendant was trying to finish his GED. Finally, the court considered the reduction in charges that benefitted the defendant through his plea bargain.
Based upon the foregoing, the trial court sentenced the defendant to 15 years at hard labor without benefits on the cocaine charge; the court sentenced the defendant to 5 years at hard labor without benefits on the firearm charge, both sentences to run concurrently.
Pursuant to a motion to reconsider the sentence, the trial court subsequently reduced the 15-year hard labor sentence without benefits to 10 years at hard labor without benefits. The court indicated that after the original sentences, the court learned that there had been a previous plea offered by the state and rejected by the defendant that the court did not factor into its sentencing choice on the drug charge.

DISCUSSION
The defendant's sole assignment of error on appeal is that the sentence imposed is *919 excessive and shows little regard for the sentencing guidelines of La. C. Cr. P. art. 894.1. In particular, the defendant asserts that the court abused its discretion in finding that the defendant was in need of incarceration for 15 years at hard labor, and that a lesser sentence would deprecate the seriousness of the crime. Additionally, the defendant asserts that the court failed to consider that the defendant's criminal conduct was the result of circumstances unlikely to recur, the character and attitudes of the defendant indicate that he is unlikely to commit another crime, and the imprisonment of the defendant would entail excessive hardship on his dependants. For the following reasons, we find these arguments to be without merit.
Excessive Sentence
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for the sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions; where the record clearly shows an adequate factual basis for the sentence, remand is unnecessary even where there has not been full compliance. State v. Lobato, 603 So.2d 739 (La.1992). There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Our review of the record plainly shows that the trial court adequately reviewed aggravating and mitigating circumstances in this case and adequately considered the guidelines of Article 894.1. Considering the seriousness of the offense and the defendant's criminal history, the trial court specifically found the presence of all factors listed in Article 894.1(A). Additionally, the court correctly set forth the aggravating and mitigating factors indicated in the presentence investigation report.
Accordingly, we now turn to the second prong of the excessive sentence test: whether the sentence is grossly out of proportion to seriousness of the crime or nothing more than a purposeless and needless infliction of pain and suffering. See State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1. Initially, we note that appellant's counsel errs in his argument indicating that Ellis is sentenced to 15 years at hard labor on the cocaine charge. As previously noted, upon resentencing, Ellis was given a sentence of 10 years at hard labor without benefits. Additionally, Ellis benefitted significantly from his plea bargain agreement. Under the provisions of La. R.S. 40:981.3, Ellis, as originally charged, would have received the maximum fine and could have been imprisoned for not more than one-and-a-half times the longest term of imprisonment authorized by R.S. 40:967. In turn, under the provisions of R.S. 40:967, the sentencing range runs from not less than 2 years, to not more than 30 years. Thus, Ellis' maximum sentencing exposure prior to his plea bargain was 45 years at hard labor in addition to the maximum fine which, under R.S. 40:967, was $50,000. The plea bargain reduced the maximum sentence from 45 years to 30 years, the trial court initially only imposed half that amount (15 years), and the court then reduced that sentence by an additional one third to 10 years. This great reduction was given to Ellis despite the fact that *920 he was convicted of his second offense for possession of cocaine with intent to distribute. Given these circumstances, we find the defendant's sentence on the drug charge to be generous rather than excessive.

CONCLUSION
For the foregoing reasons, the sentence imposed was neither grossly disproportionate to the severity of the offense, nor shocking to our sense of justice. The trial court did not abuse its discretion in imposing the sentence that the court chose for this defendant. Therefore, the defendant's conviction and sentence are affirmed.
AFFIRMED.