| t NORRIS, Chief Judge.
L.A. Frith was convicted by a jury of the forcible rape of his 18-year-old niece. He was sentenced to 20 years at hard labor, with 10 years to be served without the benefit of probation, parole, or suspension of sentence. He appeals his conviction and sentence. We affirm.

Facts

AVB [1] testified that she was visiting her maternal grandmother, Rose Wilson, and playing with some friends when she decided to go over to her paternal grandfather’s house to ride a three wheeler owned by Frith, her 32-year-old uncle. When she asked to ride the three wheeler, Frith told her that he was uncomfortable allowing her to ride by herself because he felt it was too dangerous. Frith then offered to take her to the levee on the three wheeler. After getting to the levee, Frith told AVB that he wanted to show her the river, and AVB agreed. To get to the river, Frith and AVB had to go through some woods; AVB expressed trepidation about the woods and requested to be taken home, but Frith refused. After they got to the river, they both got off the three wheeler and Frith tried to kiss AVB, who pushed him and told him to stop. Frith apologized and told her he would take her home.
On the way back through the woods, Frith stopped the three wheeler claiming that they were out of gas and that they would have to let the vehicle cool off before taking it home. When AVB refused to get off the three wheeler, Frith grabbed her arm and pulled her off. AVB attempted to rebuff his advances by pushing him when he tried to hug her and kicking and holding onto her clothes as he disrobed her. AVB testified that she cried, called for her mother, and asked Frith to take her home. AVB stated that Frith responded by telling her that he was | ¡/‘sorry but I need to do this.” AVB continued to ask to be taken home and told Frith, “Stop, it hurt.” AVB testified that Frith inserted the top part of his penis into her vagina, but he did not ejaculate. Unable to complete the act, Frith then pulled AVB up and ordered her to bend over the three wheeler. When AVB refused, Frith pushed her over and tried to enter her rectum with his penis. AVB testified that he never succeeded. After an unsuccessful attempt at anal intercourse, Frith allowed her to put her clothes back on while he masturbated.
Frith then took AVB back to Ms. Wilson’s house. AVB testified that both she and Frith were muddy and en route to Ms. Wilson’s, people observed her condition. She further testified that she hurried into *1272 the house and immediately took a shower. Frith accompanied her to the house and stood on the porch talking to Ms. Wilson. According to Ms. Wilson, Frith said that AVB had borrowed his three wheeler and upon coming back with it she asked him to take her home so she would not be punished for being late. Ms. Wilson testified that based on her observations of AVB’s appearance and on the way Frith presented himself, she did not believe him. When Frith left, Ms. Wilson went into the bathroom and AVB told her that Frith had raped her. Ms. Wilson then took AVB, along with her clothes, to the hospital for an examination.
Frith was charged, and convicted of the forcible rape of his 13 year old niece. Frith appeals his conviction and sentence.

Law and Analysis: Sufficiency

The issue of the sufficiency of the evidence is properly raised by a motion for post verdict judgment of acquittal under La.C.Cr.P. art. 821. Although Frith filed no such motion, this does not preclude a sufficiency review. State v. Green, 28,994 (La.App.2d Cir.02/26/97), 691 So.2d 1273.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the | asufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Brown, 29,708 (La.App.2d Cir.9/24/97), 702 So.2d 744, writ denied, 97-2549 (La.1/30/98), 709 So.2d 703.
It is the function of the trier of fact to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (1993); State v. Bon-nett, 524 So.2d 932 (La.App. 2d Cir.), unit denied, 532 So.2d 148 (1988). The trier of fact senses first hand the testimony and unless the fact finder’s assessment of believability is without any rational basis it should not be disturbed by a reviewing court. State v. Mussall, 523 So.2d 1305 (La.1988); State v. Combs, 600 So.2d 751 (La.App. 2d Cir.), writ denied, 604 So.2d 973 (1992).
Forcible rape is defined as vaginal or anal sexual intercourse which is deemed to be without the victim’s consent because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape. La. R.S. 14:42.1; State v. Green, 31,391 (La.App.2d Cir.12/9/98), 724 So.2d 812, writ denied, 99-0303 (La.6/4/99), 743 So.2d 1251. As with other types of rape, emission is not necessary and any vaginal or anal penetration, however slight, is sufficient to complete the crime. La. R.S. 14:41; State v. Green, supra.
Frith claims that the jury could not have found him guilty beyond a reasonable doubt. He argues there are discrepancies as to when AVB presented herself to the hospital. AVB stated she went to the hospital at approximately 6:00 l4p.m., Ms. Wilson said 8:00 p.m., and the nurse stated 8:55 p.m. Frith notes that he could not be linked to the victim by DNA evidence. He further points out that it was the attending physician’s first rape examination. Frith further contends that certain witnesses to whom he allegedly made incriminating statements were mad at him about a drug sale dispute and their testimony was tainted.
There was ample evidence to support Frith’s conviction. AVB testified that Frith inserted the top part of his penis into her vagina despite the fact that she was fighting him and pleading with him to stop. Ms. Wilson testified that she observed the condition of both Frith and AVB when they came to her house, noting that both of *1273 them were muddy and AVB was extremely upset.
Jimmy Brown, a friend of Frith’s, testified that he saw Frith and AVB coming out of the woods on the three wheeler and that AVB was muddy and looked distraught. He testified that later that evening, Frith stopped by Brown’s brother’s house and when asked if “he had fooled with that little girl,” Frith at first denied it but then stated, “Yeah I did it.” Further, Frith, demonstrating with his hands, told Brown that “[ajbout that much of it went in her ... the more the kin the deeper it goes in.”
The emergency room doctor, Dr. Henry Ntende, testified that AVB had scratches on the right thigh, right side of the neck, scratch marks on her back, and her genital area was extremely painful, indicating a forced act had taken place. He further testified that a sexual assault had happened, and that something had penetrated her vagina area. Linda Armstrong, an expert in the filed of criminalistic analyzation of evidence, testified that no spermatozoa were detected in the swab taken from AVB’s genital area, but it did test positive for prostate specific antigen, a fluid produced by the prostate gland which is present in pre-ejaculation or a sterile male. According to Ms. Armstrong, this would indicate that there was no |aejaculation, corroborating AVB’s testimony that Frith penetrated but did not ejaculate.
The jury apparently found AVB, Ms. Wilson, Mr. Brown, and the medical evidence more credible than Frith’s testimony, a rational decision which should not be disturbed by a reviewing court. State v. Mussall, supra; State v. Combs, supra. As indicated by the verdict, the jury weighed the evidence and chose to believe every witness except Frith. Viewing the evidence in the light most favorable to the prosecution, the jury could have found the essential elements of forcible rape proven beyond a reasonable doubt.

Exclusion of Testimony

By his first assignment Frith contends that the district court erred in excluding a defense witness, Ricky Dudley, from testifying. Dudley intended to testify that the victim, AVB, had wrongfully accused him of carnal knowledge or raping her. The State, in its motion in limine, alleged that Dudley had been charged by bill of information with sexual battery and had pled guilty to contributing to the delinquency of a minor. Dudley admitted this guilty plea. The State filed a motion to exclude Dudley’s testimony and requested a hearing. La. C.E. art. 412. After the hearing, the court excluded Dudley’s testimony on grounds that he would only contradict the facts of his guilty plea and because Frith failed to file a motion pursuant to art. 412 C.
In a prosecution for sexually assaultive behavior, art. 412 prevents the introduction of evidence of the victim’s past sexual behavior, with certain limited exceptions. If the defendant wishes to offer evidence pursuant to one of the exceptions, he must file a notice of intent to do so. La. C.E. art. 412 C. The court must then hold a closed hearing to determine whether the offered evidence is admissible. La. C.E. art. 412 E. “Past sexual behavior” is defined as sexual Ubehavior other than the sexual behavior with respect to which the offense of sexually assaultive behavior is alleged. La. C.E. art. 412 F.
Recently, the Supreme Court held that “Article 412 is inapplicable in sexual assault cases where defendant seeks to question witnesses regarding the victim’s prior false allegations concerning sexual behavior for impeachment purposes.” State v. Smith, 98-2045 (La.9/8/99), 743 So.2d 199 (emphasis added). Further, the Supreme Court found that in those instances no Article 412 hearing is required when a defendant seeks to introduce this evidence. Id. Instead, the question for the trial court is “not whether it believed the prior allegations were false, but whether reasonable jurors could find, based on the evidence *1274 presented by defendant, that the victim had made prior false accusations.” Id.
The same judge who presided at Frith’s trial and the hearing had also taken Dudley’s guilty plea. At the hearing Dudley testified that AVB had accused him of carnal knowledge of a juvenile or of raping her, but this “turned out not to be true.” He denied having sex with AVB, claiming that he pled guilty to contributing to the delinquency of a minor because otherwise he would “still be locked up.” The District Court stated that it had accepted Dudley’s guilty plea and heard AVB’s mother indicate that she was having trouble controlling AVB with regards to Dudley, could not keep her away from him, and they were having sex. The court further noted that a condition of Dudley’s probation was to stay away from AVB. Contributing to the delinquency of a minor specifically includes the performance of any sexually immoral act. La. R.S. 14:92 A(7). The court concluded that it did not believe Dudley’s testimony, and excluded it from trial.
Admittedly, the District Court used an incorrect statement of the standard of whether to admit evidence that the victim had lodged prior false allegations of sexual behavior. The District Court is required to decide whether reasonable \ furors could find that AVB had made prior false allegations. State v. Smith, supra. On the instant record, however, we find that the evidence adduced at the hearing was insufficient to meet this standard. Unlike in Smith, the defense offered no evidence that AVB had ever retracted her allegations against Dudley and no independent witness to testify that those were false. Moreover, the defense offered no factual basis for Dudley’s plea or even any documentation that he had been charged with a much more serious offense. On this evidence reasonable jurors could not have found that AVB made prior false accusations of sexual behavior.[2]
Assuming arguendo that the court erred in excluding Dudley’s testimony, it was harmless error. “An error is harmless if the verdict rendered was surely unattributable to the error.” State v. Taylor, 93-2201 (La.2/28/96), 669 So.2d 364, cert. denied 519 U.S. 860, 117 S.Ct. 162, 136 L.Ed.2d 106 (1996); La.C.Cr.P. art. 921. AVB testified directly and convincingly that Frith penetrated her vagina with his penis, and this was supported by medical evidence. The medical evidence also corroborated her testimony that Frith penetrated her but did not ejaculate. Most damningly, Jimmy and Charlotte Brown testified that Frith bragged about the event. Simply put, the evidence of guilt was overwhelming, and even had Dudley been allowed to testify, the jury would have found Frith guilty beyond a reasonable doubt.
This assignment of error lacks merit.

Excessive Sentence

Frith was sentenced to 20 years at hard labor, with 10 years to be served without benefit of probation, parole, or suspension of sentence. Frith argues that the sentence is excessive.
|sThe test imposed by the reviewing court in determining the exces-siveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Frith concedes and the record shows that the trial court complied with this requirement.
*1275 The second prong is whether the sentence imposed is too severe and depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
The trial judge ordered a PSI. The judge stated that Frith had a 5th grade education and some additional training in welding at Tallulah Vo-Tech. Frith’s only work experience was on his foster parent’s farm and for a local farmer for about two weeks. Frith received SSI for a learning disability. The judge also noted that Frith has a history of substance abuse with marijuana and cocaine. Frith has received mental health treatment for a variety of problems including anxiety [nand depression. Frith has been married to Nora Fair for 13 years; there are no children of the marriage and the couple is estranged.
The PSI indicated a juvenile record which was not requested. The PSI also revealed an extensive adult record, including three convictions for misdemeanor theft, a nolle prosequi for simple burglary, a nolle prosequi for aggravated battery of his wife resulting in her having to get stitches, five convictions for felony theft, a conviction for a middle grade theft, an arrest for a middle grade theft, three convictions for forgery, and a conviction for illegal possession of stolen things. Additionally, Frith has pending charges of disturbing the peace, resisting an officer, battery of a police officer, simple criminal damage to property greater than $1,000, and possession of drug paraphernalia; these charges arose during his arrest for the present offense when he created a disturbance at the hospital during questioning, kicked an officer who was transporting him, and broke a window in the sheriffs office with a chair. The judge noted that while on probation for previous offenses, Frith committed other crimes including the present one and failed to meet with the probation officer. He also tested positive for both marijuana and cocaine. The PSI further indicated that in addition to the prosecuted offenses, there were other instances where Frith made restitution in lieu of criminal charges; these instances mostly involved forged checks.
The trial judge recited the facts of the present offense and noted that Frith has continually denied that he raped his niece despite the overwhelming evidence to the contrary. The judge found an undue risk that during any period of a suspended sentence or probation Frith would commit another crime and that he was in need of correctional treatment or custodial environment most effectively provided by his commitment. The judge also found that a lesser sentence would deprecate the seriousness of the crime. The trial judge, noting that the sentencing |inrange for forcible rape was 5 — 40 years at hard labor including at least two years without benefit, sentenced Frith to 20 years at hard labor, 10 years without benefit of probation, parole, or suspension of sentence. Based on the record before us, 20 years for the forcible rape of a 13-year-old biological niece for this individual who has shown a continual lack of respect for the law does not shock our sense of justice. Furthermore, we agree that a lesser sentence would deprecate the grave seriousness of this heinous crime which showed a disregard for the feelings and well-being of Frith’s brother’s child, whom he described as being like a daughter to him. In sum, we find that this assignment lacks merit and affirm the sentence.
*1276 We have also reviewed the entire record and find nothing we consider to be error patent. La.C.Cr.P. art. 920(2).

Conclusion

For the foregoing reasons, we affirm Frith’s conviction and sentence.
AFFIRMED.

. AVB was 13 at the time of the offense and 14 at trial; therefore she will be referred to by her initials.

. The court also excluded Dudley’s testimony in part because of his failure to file an art. 412 C motion. Since art. 412 does not apply to evidence of prior false allegations, this ruling is technically incorrect, but is immaterial given that the proffered evidence would not have persuaded reasonable jurors.