828 So.2d 176 (2002)
STATE of Louisiana, Appellee
v.
Jimmy L. GRAY, Appellant.
No. 36,389-KA.
Court of Appeal of Louisiana, Second Circuit.
September 18, 2002.
*177 Louisiana Appellate Project by G. Paul Marx, Lafayette, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Geary Stephen Aycock, Assistant District Attorney, Counsel for Appellee.
Before PEATROSS, DREW, and HARRISON, (pro tempore), JJ.
DREW, J.
Jimmy L. Gray appeals his sentence on two counts of forcible rape, La. R.S. 14:42.1, alleging first that the two forty-year sentences are unconstitutionally excessive, and then that they should not have been ordered served consecutively.

Background
Defendant was originally charged with two counts of aggravated rape in violation of La. R.S. 14:42, each of which carries a mandatory sentence of life imprisonment at hard labor without benefits. Through a plea bargain, defendant entered pleas of guilty to two reduced charges of forcible rape, violations of La. R.S. 14:42.1, each offense being punishable by imprisonment at hard labor for not less than five years nor more than forty years, at least two years of which must be served without benefits. The state also agreed not to charge defendant as a habitual offender and to dismiss other charges, including attempted aggravated rape (50 years' potential exposure, without benefits), simple robbery (7 years' potential exposure), and simple kidnapping (25 years' potential exposure, without benefits).
The district court imposed consecutive sentences of forty years on each charge and denied a timely motion for reconsideration of sentence. We affirm.

Facts
On January 9, 2001 defendant attacked A.S. at a washateria in Monroe. Defendant forced the female victim into a bathroom where he had non-consensual vaginal intercourse with her after threatening to break her neck if she did not comply. After the rape, defendant took $8 from the victim.
Two weeks later, on January 23, 2001 defendant attacked J.R. at the same washateria. He forced her to the bathroom, threatened to break her neck and kill her if she resisted, removed her clothing and engaged in non-consensual vaginal intercourse. Defendant took cash and a cellular telephone from J.R. and threatened to kill her if she left the bathroom within 45 minutes.
Defendant was contacted by police two weeks later in the vicinity of the same washateria. He denied any participation in the rapes, but consented to give a blood sample.
Two weeks after the police contact, a third female was victimized by an attempted *178 rape on February 20, 2001. This lady later positively identified her assailant as Jimmy L. Gray. The defendant was arrested on the date of his identification by this third victim, March 15, 2001.
On March 30, 2001, defendant's DNA was found to match samples obtained from A.S. and J.R., the two rape victims. A grand jury returned an indictment against defendant on two counts of aggravated rape. As to the third victim, defendant was charged with attempted aggravated rape, simple kidnapping and simple robbery. The charges relating to the third victim (carrying a potential exposure of 82 years by themselves) were dismissed as part of this plea bargain.
The law on excessive sentences is quite clear.[1]
Concerning defendant's complaint that these two forty-year sentences should not be served consecutively, we must review the accepted law on this subject.[2]
These sentences are not excessive. They are certainly well-deserved. Prior to imposing sentence, the district court sagely considered a PSI which provided detailed information concerning the defendant *179 who, at the time of sentencing, was 31 years old.
The court considered defendant's social history, which showed:
 a failure to complete high school;
 a sporadic work history; and
 a lengthy criminal record, including 45 arrests as an adult,[3] most being crimes against the person, (including simple and aggravated batteries, resisting officers, beating women) and often involving the use of weapons during those batteries.
The trial court reviewed the facts of this case and noted:
 defendant's bogus and preposterous claims that the victims had come on to him;
 evidence which clearly indicated defendant was guilty of aggravated rapes;
 a plea bargain which had drastically reduced his sentencing exposure;
 vicious and cowardly conduct manifested by calculated and deliberate cruelty to the victims;
 a risk of great bodily harm in both cases;
 crimes involving terrifying violence, which caused significant and permanent psychological injury to both victims;[4]
 crimes with absolutely no provocation, excuse or justification; and
 heinous criminal conduct likely to recur.
On this record, we do not find any error whatsoever. Defendant's crimes were committed against separate helpless victims, utilizing the same general modus operandi on different dates without provocation or excuse. Under the circumstances, consecutive sentences are certainly appropriate. As originally charged, defendant faced two consecutive mandatory sentences of life imprisonment without benefits plus substantial penitentiary time for the charges which were dismissed through the plea bargain. Defendant has multiple convictions for offenses involving resisting an officer, simple battery upon an officer, simple battery and aggravated battery. He was involved in an aggravated battery in conjunction with a false imprisonment in 1995 which bears similarities to the charges which were dismissed in this case. The record supports *180 the trial court's findings and determinations.
Appellate defense counsel urges that defendant lost any benefit of his plea bargain because, since these are crimes of violence, defendant will not be eligible for parole until he completes 85% of his sentence, which counsel equates to a "virtual" life sentence. This distorts the issues.
If the reality is that this defendant remains behind bars for the duration of his life, then justice will be served. This remorseless predator will have lost his hunting privileges on the innocent amongst us.
However, as a third felony offender, defendant is not eligible for parole anyway. La. R.S. 15:574.4A(1). While it is true that the plea bargain did not secure any benefit insofar as parole eligibility is concerned, defendant would not have been eligible for parole consideration upon conviction of the original charges, nor is he eligible for such consideration under the two charges to which he pleaded guilty.
We also reject the defense contention that the district court's action is effectively the same as if the defendant had been convicted of aggravated rape. That argument ignores the fact that this sentence is for two rapes committed upon two different victims at two different times. To accept this defense argument, one would be required to take the position that multiple offenses committed at separate times do not merit enhanced punishment, i.e., that a defendant having committed one offense and who on another date commits a subsequent offense, with the crimes being charged and tried at the same time, should not receive separate appropriate punishment for each offense committed. We cannot subscribe to this nonsensical argument.
The sentence imposed on each count, and the requirement that each be served consecutively, is lawful and clearly not constitutionally excessive. This vicious life-time criminal committed two rapes and attempted another in a span of less than two months. He has left behind a landscape strewn with his damaged victims. He is the textbook definition of a menace to society.
Given the circumstances of this case, particularly including the dismissal of charges involving yet a third rape-related offense, we find the consecutive sentences imposed upon this serial rapist not grossly disproportionate to the severity of the offenses, nor is this disposition shocking to our sense of justice. There is no showing of an abuse of the district court's great discretion in the imposition of these consecutive sentences. The sentencing judge here, under any standard, did her duty in this sad case.

Decree
The convictions were not appealed; the sentences are AFFIRMED.
NOTES
[1] The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988), writ denied, 521 So.2d 1143 (La.1988).

A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La. App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir. 1991). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667.
[2] When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La.C.Cr.P. art. 883. It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Robinson, 33,921 (La.App.2d Cir.11/1/00), 770 So.2d 868; State v. Coleman, 32,906 (La.App.2d Cir.4/5/00), 756 So.2d 1218, 1247-48; State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La.1988).
[3] To simply write that this person has "a lengthy criminal record" does not do this remarkable man justice. He deserves his due. A reader of the defendant's P.S.I, comes away sadly enlightened as to the criminal depths of our species. Any feeling reader is also saddened as to how poorly the criminal justice system, as a whole, performed as to this man, particularly in the 1990's.

Having a checkered past as a juvenile, the specific records of which are unavailable now due to the passage of time, Mr. Gray turned 17 in February of 1988. His first arrest as an adult occurred the next month. His first felony conviction was at age 21 in 1991, for which he was placed on probation for 5 years, during which probationary term he was arrested a stunning 29 times. Remarkably, no petition for revocation was ever filed. From age 17 through age 37 (in 2001, thanks to the Monroe P.D. and these courageous victims, he was at last put away on these rape charges), this one-man crime wave was arrested one or more times every year except for the 3 years he was actually incarcerated on his second felony conviction (aggravated battery). At the times of these rapes, Mr. Gray had absconded parole supervision. Since all of his (known) crimes occurred in Monroe, perhaps the crime rate in that city may now decline.
[4] One victim, in a poignant, well-written letter to the sentencing judge, sadly wrote of living every day of her life with the "humiliation, indignity, dishonor and ignominy" associated with being a rape victim. She in effect asked that this man's horrendous savagery not be visited on other victims.