NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1039

STATE OF LOUISIANA

VERSUS

D.H.B.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 61235
HONORABLE ROBERT EDWARD BURGESS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Glenn B. Gremillion, Judges.

AFFIRMED.

Don M. Burkett
District Attorney
Anna Louise Garcie
Assistant District Attorney
P. O. Box 1557
Many, LA 71449
Telephone: (318) 256-6246
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Peggy J. Sullivan
Louisiana Appellate Project
P. O. Box 2775
Monroe, LA 71207-2775
Telephone: (318) 387-6124
COUNSEL FOR:
    Defendant/Appellant - D.H.B.

**THIBODEAUX, Chief Judge.**

The Defendant, D.H.B., pled guilty to forcible rape and was sentenced to serve thirty years at hard labor without benefit of probation, parole, or suspension of sentence. He appeals his sentence on the basis of excessiveness.

We affirm.

## FACTS

The facts are taken from the factual basis set forth at the time of the Defendant's guilty plea. During the month of November, 2005, the five-year-old victim was staying with his grandparents at their home. During his stay, the Defendant, the husband of the victim's grandmother, had or performed oral sex with the victim.

## LAW AND DISCUSSION

In his sole assignment of error, the Defendant argues that the trial court erred in imposing a sentence which is unconstitutionally excessive, given the facts and circumstances of the case and his personal history. The Defendant did not file a motion to reconsider his sentence. Therefore, his excessiveness claim is barred by La.Code Crim.P. art. 881.1. However, in the interest of justice, this court has chosen to review such an assignment as a bare claim of excessiveness. *State v. Hargrave*, 05-1027 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, *writ denied*, 06-1233 (La. 11/22/06), 942 So.2d 552.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the

sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p. 5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The Defendant pled guilty to forcible rape which, pursuant to La.R.S. 14:41.1, carries a sentence of five to forty years at hard labor, with at least two years of the sentence to be served without benefit of probation, parole or suspension of sentence. Thus, the Defendant's thirty year sentence was not the maximum sentence.

2

Additionally, the Defendant received a significant benefit from his plea agreement, as he faced life in prison, without the benefit of probation, parole or suspension of sentence, had he been convicted of aggravated rape, the original charge.

At sentencing, the trial court stated as follows:

> THE COURT: Well, I have reviewed the pre-sentence investigation in light of the severity of the crime. The plea bargain reduced it from a mandatory, your exposure to a mandatory life sentence without benefit of probation, parole or suspension of sentence to a possibility of up to 40 years, at least two of which could be without benefit of probation, parole or suspension of sentence. Because this is a listed crime of violence, the penalty is necessarily up to 40 years without probation, parole or suspension of sentence. It is as a crime of violence. The pre-sentence investigation doesn't reveal a whole lot. As Mr. Toups said, it does show that you are a first felony offender. The particulars of the pre-sentence investigation, I don't think, need to be gone into except a mitigating factor in this case was, in my opinion, a lack of any violent criminal record, either adult or juvenile. What is staggering to this Court is why someone would admit to a crime which he denies any responsibility for. Mr. [B], date of birth is listed as January 29, 1970, thirty-seven years of age. The victim in this case is five years of age according to the pre-sentence investigation.
>
> . . . .
>
> In one respect, you reduce your sentencing exposure and that should be under Code of Criminal Procedure Article 894.1 all the consideration you are given. The mitigating factors, as I said, was that you have no significant record whatsoever. That just makes the whole process of sentencing more difficult to me. Clearly, you're not entitled to a suspended sentence by the nature of the statute that I read to you, at least two years without benefit of probation, parole or suspension of sentence. The most significant aggravating factors are as follows, any lesser sentence than the one imposed would deprecate the seriousness of your crime. In this case, you have not taken any responsibility for this offense but your attitude was to avoid further exposure. The victim in this case is particularly vulnerable because of the youth. The violence is something that kind of goes without saying, someone 37 years of age and someone 5 years of age, not exactly a fair arrangement. Having considered all of the factors of 894.1

and the sentence and the pre-sentence investigation, I find that you are in need of correctional treatment in a custodial environment that can only be effectively provided by commitment to an institution.

In his brief to this court, the Defendant contends that the trial court gave insufficient consideration or little weight to the fact that he pled guilty, that a young child was not required to go through a trial and that he was a first felony offender. The Defendant also complains that the trial court had no justification for ordering the entire sentence to be served without benefit of parole, probation or suspension of sentence when the statute requires only the first two years of the sentence to be served without benefits. The Defendant also maintains that he is not the worst of offenders and that this is not the worst of offenses. Lastly, the Defendant complains that although the offense is considered to be a crime of violence, there was no information as to the use of actual force or violence against the child victim or of any physical harm, other than that contemplated by the nature of the crime.

We disagree that the trial court did not give sufficient weight to the mitigating factors in light of the aggravating factors, and find that the record shows that the trial court adequately articulated its reasons for imposing the near maximum sentence for forcible rape. In *State v. Gray*, 36,389 (La.App. 2 Cir. 9/18/02), 828 So.2d 176, 180, the court stated:

> As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. *State v. Grissom*, 29,718 (La.App. 2d Cir. 8/20/97), 700 So.2d 541; *State v. Walker*, 573 So.2d 631 (La.App. 2d Cir. 1991). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense

involves violence upon a victim. *State v. Black*, 28,100 (La.App. 2d Cir. 2/28/96), 669 So.2d 667.

The trial court considered the great, lifelong harm done by the thirty-seven-year-old Defendant to the vulnerable, five year old male victim. Under these circumstances, the Defendant is the worst type of offender and that the offense caused exceptional harm to this child. The Defendant, the husband of the victim's grandmother, was in a position of authority as the child's step-grandfather, which he likely used to his advantage to sexually assault the victim. Lastly, the facts of the offense would support a conviction for aggravated rape, given the age of the victim and the sexual act performed on the child by the Defendant.

In a similar case, *State v. Malloy*, 01-1118 (La.App. 3 Cir. 2/6/02), 815 So.2d 940, this court upheld the defendant's thirty-five year sentence for forcible rape, twenty years of which was imposed without benefit of probation, parole, or suspension of sentence. The defendant engaged in non-consensual sexual intercourse with his seven-year-old stepdaughter and was charged with aggravated rape and aggravated oral sexual battery. He later entered into a plea agreement in which he agreed to plead guilty to the charge of forcible rape in exchange for the State's dismissal of the aggravated oral sexual battery charge. On appeal, this court noted that the Defendant's thirty-five year sentence for forcible rape was within the statutory range and held that it was not excessive, considering the sentencing range for forcible rape was five to forty years at hard labor, with at least two years without benefit of probation, parole, or suspension of sentence. This court also observed that the elements of the crime of aggravated rape were clearly present and that the trial court granted the defendant concession by permitting him to plead to forcible rape.

In keeping with this court's ruling in *Malloy* and considering the mitigating and aggravating factors observed by the trial court, the Defendant's

sentence is not so grossly disproportionate to the severity of the crime as to shock the sense of justice. Accordingly, the Defendant's sentence is affirmed.

## **CONCLUSION**

The Defendant's sentence is affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.