NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 13-808

STATE OF LOUISIANA

VERSUS

EDDIE RAY JACKSON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 307621
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy Howard Ezell, and John E. Conery, Judges.

AFFIRMED.

James C. Downs
District Attorney
Monique Yvette Metoyer
Assistant District Attorney
Ninth Judicial District Court
701 Murray Street
Alexandria, LA 71301
(318) 473-6650
COUNSEL FOR APPELLEE:
    State of Louisiana

**Brent A. Hawkins**
**Louisiana Appellate Project**
**P. O. Box 3752**
**Lake Charles, LA 70602**
**(337) 502-5146**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Eddie Ray Jackson**

**Eddie Ray Jackson**
**Avoyelles Corr. Ctr. C-3, B-1**
**1630 Prison Road**
**Cottonport, LA 71327**

**EZELL, Judge.**

The defendant, Eddie Ray Jackson, was charged in an indictment filed on October 6, 2011, with aggravated rape. Defendant entered a plea of not guilty on November 4, 2011. Trial by jury commenced on November 7, 2012, and the jury subsequently found the Defendant guilty of the responsive verdict of forcible rape, a violation of La.R.S. 14:42.1.

Defendant filed motions for post-verdict judgment of acquittal and new trial on January 28, 2013. On February 22, 2013, the motions filed by the Defendant were denied, and he was sentenced to forty years at hard labor, two years to be served without benefit of probation, parole, or suspension of sentence. Defense counsel objected to the sentence and made an oral motion to reconsider sentence, which was denied. Defense counsel also filed a motion to appeal, which was subsequently granted. On March 12, 2013, Defendant filed a pro se motion to reconsider sentence, which was also denied.

Defendant is now before this court asserting two assignments of error. Defendant contends the trial court failed to give sufficient consideration to mitigating factors and considered aggravating factors unsupported by the record when it fashioned his sentence, and his sentence is excessive. Defendant's assignments of error lack merit.

## FACTS

The Defendant was convicted of the forcible rape of J.P.[1] J.P.'s testimony indicated the Defendant entered the back door of her home, pinned her down, removed her clothing, and had vaginal and anal intercourse with her. During these events, J.P.'s fourteen-month-old and four-month-old daughters were asleep in

---

[1]The victim's initials are being used in accordance with La.R.S. 46:1844(W).

another room.  As a result of the Defendant's acts, J.P. suffered tears to the vaginal area; tenderness to the vaginal entrance, "the verge of the anal area," and the rectum; and bleeding next to the clitoris.

A DNA profile was obtained from evidence recovered from the rape kit performed on J.P.  The assailant's DNA profile was entered into CODIS[2].  A report indicated the profile matched that of Defendant.   A reference DNA sample was subsequently obtained from Defendant, and his DNA matched the DNA found in the rape kit.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record.  After reviewing the record, we find there are no errors patent.

## ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

In his first assignment of error, Defendant contends the trial court failed to give sufficient consideration to mitigating factors and considered aggravating factors unsupported by the record when it fashioned his sentence, such that the forty-year maximum sentence is excessive.  In his second assignment of error, Defendant contends the forty-year maximum sentence imposed by the trial court is an unconstitutionally excessive sentence for this offender.  We will address these assignments of error together, as they both pertain to Defendant's sentence.

Defense counsel objected to the sentence at the time it was imposed and made an oral motion to reconsider.  However, he did not set forth a basis for either. Defendant timely filed a pro se motion for reconsideration but also failed to set

---

[2] "'CODIS' means Combined DNA Index System, the Federal Bureau of Investigation's national DNA identification index system that allows the storage and exchange of DNA records submitted by state and local forensic DNA laboratories." La.R.S. 15:603(1).

forth a basis for the requested reconsideration. Because Defendant's claims regarding mitigating and aggravating factors were not set forth in the objection made by defense counsel or the motions for reconsideration of sentence, Defendant's first assignment of error is not reviewed by this court. *See* La.Code Crim.P. art. 881.1(E); *State v. Senigal*, 10-480, p. 2 (La.App. 3 Cir. 11/3/10), 50 So.3d 249, 251. However, this court will review Defendant's sentence for constitutional excessiveness.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59 (first and second alterations in original), as follows:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> The fifth circuit, in [*State v.*] *Lisotta*, 726 So.2d [57] at 58 [(La.App.1998)], stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

> 1. The nature of the crime,

> 2. The nature and background of the offender, and

> 3. The sentence imposed for similar crimes by the same court and other courts.

The Defendant was convicted of forcible rape, which is punishable by imprisonment at hard labor for five to forty years with at least two years of the sentence imposed without benefit of probation, parole, or suspension of sentence, and was sentenced to the maximum term of imprisonment with two years of the sentence to be served without benefits. *See* La.R.S. 14:42.1(B).

Before imposing sentence, the trial court questioned Defendant. Defendant said his date of birth was August 10, 1973, he had completed the twelfth grade, he had done welding and carpentry work, he was not married, he had a fifteen-year-old child and another seventeen-year-old child, and he took care of his kids but did not pay child support. The State then set forth Defendant's criminal history as follows:

> He has a prior conviction for possession of CDS 2. He pled guilty to that offense on 9/11 of 1995. He's had a possession of marijuana. He pled guilty to that 5/13 of '05. DWI first, 9/30 of '03. Possession - distribution, it was reduced to a drug paraphernalia that he pled to in '04. And then a charge from '06 that's possession of CDS 1, which was a felony. He pled guilty to that on 9/1 of 2006. The only other thing, there appears to be some charges that are pending that Mr. Breedlove has. That would be a DWI second and a careless operation.

The trial court then stated the following:

> All right, I'm looking at the sentencing guidelines, Article 894.1, and I believe there is an undue risk during the period of suspended sentence on probation that the defendant will commit another crime. Of course, he's not entitled to a suspended sentence because of the crime involved. I believe that he's in need of correction [sic] treatment that can be provided most effectively by a commitment to an institution. And because of this, the brutal way that this crime occurred, I believed [sic] that a lesser sentence would deprecate the seriousness of this crime.
>
> I'm looking at the aggravating factors in Paragraph B. The offender - -- I believe that the offender's conduct during the commission of the offense manifested deliberate cruelty to the victim.

The trial court then asked the State if there were any aggravating factors it would like to have considered. The State averred there was deliberate cruelty to the victim, and Defendant was a danger to women. The trial court then stated:

> I do not find any mitigating factors.
>
> One of the things that I usually do with mitigating factors is reverse them and make them aggravating factors. I do find that the defendant's criminal conduct caused serious harm to the victim. I also believe that his behavior -- that he did contemplate that it would cause or threaten serious harm. He did not act under strong provocation.
>
> There are no substantial grounds tending to excuse or justify his criminal conduct. The victim did not induce or facilitate the commission of the offense. The defendant does have a history of prior criminal activity.
>
> I do believe that his criminal conduct was the result of circumstances likely to reoccur. I'm not saying that he would be -- he would commit another rape. I'm not, I'm not sure of that, but I do think that he would commit other crimes. And I do not believe he would respond affirmatively to probationary treatment, which is not appropriate.
>
> I do not believe that this imprisonment would entail an excessive hardship to himself or his dependents because they're living in North Carolina.

The trial court then asked defense counsel if there were any mitigating circumstances he would like the court to consider. Defense counsel noted Defendant had not committed any other violent acts. Defense counsel also noted Defendant had been the primary custodian of his two children, he had worked various jobs, he had a girlfriend, he supported his girlfriend's children, he maintained his innocence, he appeared at all stages of the proceedings, and he was out on bail for an extended period of time without incident. Defense counsel further noted Defendant was convicted of a responsive verdict and requested that a mid-range sentence be imposed. The trial court then stated:

There's four factors that I consider in deciding the sentence, and one of them is rehabilitation. Does the Defendant have sufficient education, training and life experience to rehabilitate him self [sic]? I do not believe so.

I have in the record a copy of the Rapides Parish Jail booking sheet for the Court to review. It shows what Ms. Metoyer just said. And it shows that he's had 12 arrests. This – this arrest was his twelfth.

I have to give a sentence to create a general deterrence in the community. I think that's the most important factor in sentencing in Criminal Court. We -- of course, I've been a Judge for 16 years and we've never had a seminar on sentencing, if you could believe that. So this is what my opinion is, is I think general deterrence is why we have criminal laws to tell everybody out in the community, do not do that. And if you do this, this is what's going to happen.

The other thing I consider is the victim.

. . . .

This crime was extremely brutal. I do not know of a rape case, even though there was not physical abuse – I'm talking with a fist or with some type of weapon of the victim. The sexual violence in this matter was very, very brutal. And I'm not going to go into exactly what happened to the victim, but the evidence speaks for itself. And I'm not saying the doctor said this -- Dr. Brian. I think I remember him saying that he had never seen damage like this and when he got the police officer's camera to take the picture of the damage that he saw. Punishment -- I need to consider what sentence should be given to specifically deter the defendant from future criminal conduct. Now, I think that he needs some type of sentence. The sentence I'm going to give him is going to do this so that he doesn't do this in the future. And I think that this sentence will do that. And I think that it's very important that he be deterred from this kind of conduct in the future.

Defendant contends his sentence is excessive because he is not among the most egregious and blameworthy offenders. Defendant contends J.P. did not appear physically harmed, he was not armed at the time of the offense, he did not threaten J.P., and there was nothing in the record to support the notion that J.P. suffered from any ongoing emotion or psychological issues as a result of the offense. Defendant notes that he had two prior felony convictions and two

6

misdemeanor convictions, but none were for violent offenses. Additionally, there was nothing to suggest that his twelve arrests were for violent offenses.

This court has found several cases wherein the excessiveness of a sentence imposed for forcible rape committed against an adult was addressed. In *State v. Green*, 31,391 (La.App. 2 Cir. 12/9/98), 724 So.2d 812, *writ denied*, 99-303 (La. 6/4/99), 743 So.2d 1251, the victim, who was mentally impaired, walked to a bar to buy beer and cigarettes. After the victim left the bar, the defendant followed the victim down a wooded trail, came up behind her, covered her mouth, choked her, threw her to the ground, and raped her. The defendant was convicted of forcible rape and sentenced to forty years at hard labor, two years of which was to be served without parole. The second circuit affirmed the defendant's sentence, noting the defendant had been a poor student, had dropped out in the ninth grade, had a flimsy employment record, had a previous conviction for distribution of cocaine as well as a misdemeanor conviction for possession of marijuana, and had his previous parole revoked when he tested positive for illegal drugs. The second circuit also noted the victim was frail and suffered substantial psychological damage as a result of the crime. This case is distinguishable from the case at bar, as the Defendant herein has two prior felony convictions and the defendant in *Green* had only one.

In *State v. Jacobs*, 07-1370 (La.App. 3 Cir. 6/5/08), 987 So.2d 286, *writ denied*, 08-2000 (La. 4/3/09), 6 So.3d 769, the defendant was convicted of forcible rape and sentenced to thirty years at hard labor. The defendant entered the victim's hotel room, demanded the victim's money and keys while threatening to shoot her, and engaged in nonconsensual sex with her. The defendant's criminal history included a 1980 conviction in North Carolina for breaking and entering and

7

larceny, a 1985 conviction for simple assault, a 1994 conviction in North Carolina for distribution of a Schedule II controlled dangerous substance, a 1994 conviction in North Carolina for possession with intent to distribute cocaine, a 1996 conviction for simple burglary, a 1991 conviction in North Carolina for DWI, a 2001 conviction for distribution of a Schedule I controlled dangerous substance, a 2001 conviction in North Carolina for DWI second, and a 2003 conviction for possession of drug paraphernalia. This court found the defendant's sentence was supported by the record. The criminal record of the Defendant in the case at bar is not as lengthy as that of the defendant in *Jacobs*.

In *State v. Gray*, 36,389 (La.App. 2 Cir. 9/18/02), 828 So.2d 176, the defendant was convicted of two counts of forcible rape and was sentenced to serve forty years on each count, to run consecutively. The defendant forced his first victim into a bathroom at a washateria and had vaginal intercourse with her, threatening to break her neck if she did not comply. The defendant then took the victim's money. Two weeks later, the defendant forced his second victim into the same bathroom, threatened to break her neck and kill her if she did not comply, and had vaginal intercourse with her. The defendant then took the victim's money and cell phone. The defendant was a third felony offender who had been arrested forty-five times. The second circuit found his sentences were not excessive. The present case shares similarities to the facts reported in Gray, although the defendant did not, in this case, threaten harm to the victim. We also note that the Defendant herein and the defendant in *Gray* were both third felony offenders.

In the case at bar, the trial court thoroughly considered the Defendant's background and the nature of the offenses when imposing the sentence at issue. Based on the nature of the offense, the Defendant's status as a third offender, the

legislative purpose behind the punishment, and a comparison of the sentences imposed in *Green*, 724 So.2d 812, and *Gray*, 828 So.2d 176, we cannot say the trial court abused its discretion when imposing the Defendant's forty-year sentence. Accordingly, Defendant's assignments of error lack merit.

## DECREE

Defendant's sentence is affirmed.

**AFFIRMED**.

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.